UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON FEDERAL BANK, a national bank, | Case No. C19-995RSM |
| Plaintiff, | ORDER TRANSFERRING VENUE |
| v. | |
| MARK GAROLD, a single man; LORI HERBST, a single woman, | |
| Defendants. | |

This matter comes before the Court on Defendant Mark Gerold's Motion to Dismiss, Dkt. #8. Defendant Gerold[1] moves to dismiss for lack of personal jurisdiction, and in the alternative moves to transfer venue to the United States District Court for the Central District of California where he resides. *Id*.

"In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only

---

[1] Defendant's last name is apparently misspelled with an "a" in the Caption and Plaintiff's Complaint. *See* Dkt. #8 at 6 n.1.

ORDER TRANSFERRING VENUE - 1

make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss.'" *Id*. (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)). A plaintiff may not simply rest on the "bare allegations of [the] complaint." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). But uncontroverted allegations must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

Personal jurisdiction over a nonresident defendant is proper if permitted by a state's long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996). Since Washington's long arm statute reaches only as far as the Due Process Clause, the Court need only analyze whether the exercise of jurisdiction would comply with due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). For the exercise of jurisdiction to satisfy due process, a nonresident defendant, if not present in the forum, must have "minimum contacts" with the forum such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotation marks omitted). A federal district court may exercise either general or specific personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). This court uses the following three-part test to analyze whether a party's "minimum contacts" meet the due process standard for the exercise of specific personal jurisdiction: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which

he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable. *Schwarzenegger*, 374 F.3d at 802. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). While all three requirements must be met, this court has stated that in its consideration of the first two prongs, "[a] strong showing on one axis will permit a lesser showing on the other." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006) (en banc). That means that a single forum state contact can support jurisdiction if the cause of action arises out of that particular purposeful contact of the defendant with the forum state. *Id*. (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

Based on these standards, the allegations in the Complaint, and the limited facts presented through declarations, the Court finds it can exercise specific personal jurisdiction over Defendant Gerold. The Court agrees Washington Federal Bank has made a prima facie showing that Gerold "exercised control and possession over funds in a Washington bank account, i.e., property in Washington State," and that he participated in a conspiracy that involved conversion of those funds." Dkt. #11 at 8. This is based in part on the declaration of David Nold. Dkt. #15. Mr. Nold, counsel for Plaintiff, declares that Defendant Gerold has had a "lengthy relationship" with Defendant Lori Herbst, that they have held themselves out as husband and wife in bankruptcy pleadings, that Ms. Herbst has stated over the phone that the two of them have been involved in a scheme of some kind to open bank accounts and transfer

money, and that Mr. Gerold himself said in an interview that they participated in this scheme because a third party told them he would "make it worth their while," and that they "knew that they had done the wrong thing." Dkt. #15 at 2–4. Defendant Gerold denies all of this, *see* Dkt. #20, but Washington Federal Bank does not need to prove who is telling the truth to establish personal jurisdiction—this is not the trial stage. "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800. Knowingly participating in a scheme to contact a Washington bank to change the address where someone else's checks are mailed, receiving those checks at your California address, and getting paid to assist with pulling money out of that bank account clearly constitutes minimum contacts with Washington state.

Venue in this district is also appropriate given the above. However, under 28 U.S.C. § 1404, this Court has discretion to transfer this case in the interests of convenience and justice to another district in which venue would be proper. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Specifically, Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The purpose of this statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Pedigo Prods., Inc. v. Kimberly-Clark Worldwide, Inc.*, No. 3:12-CV-05502-BHS, 2013 U.S. Dist. LEXIS 12690, 2013 WL 364814, at *2 (W.D. Wash. Jan. 30, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

In the Ninth Circuit, district courts typically apply a nine-factor balancing test to determine whether to transfer a case under § 1404(a), examining: "(1) the location where the

relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [] (8) the ease of access to sources of proof, and (9) the public policy considerations of the forum state." *Jones*, 211 F.3d at 498-99.

Based on the record before it, the Court is convinced that this case might have been brought in the Central District of California and that it would be more convenient to all parties involved for the case to proceed in that district. Defendant Gerold declares that he is 65 years old, suffers from cerebral palsy, has reduced mobility, does not travel by plane or more than 35 miles by car, and does not stay at hotels because they are not set up to accommodate his disability. Dkt. #9. He moves to transfer venue because these physical limitations will "make it burdensome and inconvenient for him to appear to defend himself in this District," and that sources of proof and potential non-party witnesses are located in Southern California. Dkt. #8 at 24. In its Response, Washington Federal Bank does not address Mr. Gerold's physical condition, arguing only that "most of the sources of proof, consisting of bank phone, bank account, and other records are located in Washington," that the victims of the fraud are located here and that the only California witnesses are Herbst and Gerold, and that "a Washington jury should be tasked with deciding the fate of a case involving a fraud victimizing Washington residents." Dkt. #11 at 12. However, there will be no difficulty in transferring these sources of proof to a federal court in California, and it is clear that the difficulty of Mr. Gerold testifying in Washington far outweighs the difficulty of Washington witnesses testifying in California.

Washington Federal Bank has not convinced the Court that there will be a plethora of Washington-based witnesses in this case, or that the victims of the fraud will even need to testify as they are not parties in this case. The state of California has a significant interest in deciding the fate of alleged fraud perpetrators located in California. Considering all the factors above, the Court will transfer this case to the Central District of California.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby FINDS and ORDERS that Defendant Mark Gerold's Motion to Dismiss, Dkt. #8, is GRANTED IN PART AND DENIED IN PART. This matter is hereby TRANSFERRED to the United States District Court for the Central District of California, Western Division at Los Angeles for all further proceedings.

DATED this 6 day of January, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE